Opinion
 

 ASHBY, J.
 

 By nonjury trial plaintiff and respondent Charley Carter obtained a money judgment against defendant and appellant Continental Land Title Company, for wrongful reconveyance of a deed of trust.
 

 Civil Code section 2941.7 provides a procedure by which a borrower may obtain reconveyance of a trust deed, when the obligation secured by the trust deed has been paid and the lender cannot be located or refuses to request the trustee to reconvey. (Generally see 4 Miller & Starr, Cal. Real Estate 2d (1989) § 9:91, pp. 288-290; 4 Augustine & Zarrow, Cal. Real Estate Law & Practice (1991) § 115.02, pp. 115-6 to 115-10.)
 
 [1]
 

 
 *1015
 
 The borrower (trustor) may file a declaration and post a corporate surety bond for the protection of both the beneficiary and the trustee. The trustee must then reconvey the trust deed. The beneficiary loses the security provided by the property and is relegated to a remedy against the trustor, the affiant or the surety bond.
 

 The surety bond must be acceptable to the trustee. In this case the surety bond provided by the trustor expired by its own terms in 60 days. We hold the trial court properly found appellant trustee should not have accepted a bond with such a short time limit and is therefore liable for wrongful reconveyance.
 

 Facts
 

 Shooting Star International Investment, Inc., a California corporation, borrowed $30,000 from Larry Golphenee. The promissory note was secured by a deed of trust on a 40-unit condominium complex.
 

 The parties to this lawsuit are all assignees or successors in interest to the original borrower, lender, and trustee under deed of trust. Codefendant William E. Crowder stands in the position of the trustor (borrower). Appellant Continental Land Title Company is successor to the trustee under deed of trust. Respondent Carter stands in the position of the beneficiary (lender) whose note for $30,000 was originally secured by the deed of trust.
 
 [2]
 

 Utilizing the procedure of Civil Code section 2941.7, Crowder
 
 falsely
 
 declared that the obligation had been paid and that the beneficiary of the deed of trust, O’Brien, could not be found.
 
 [3]
 

 The corporate surety bond provided by Crowder expired by its own terms 60 days following reconveyance.
 

 Appellant Continental Land Title Company as trustee reconveyed the trust deed to Crowder in reliance upon Crowder’s declaration and corporate surety bond recorded pursuant to the statute.
 

 Respondent Carter obtained the note from O’Brien after expiration of the surety bond.
 

 
 *1016
 
 Discussion
 

 Appellant contends that under Civil Code section 2941.7, subdivision (c) appellant had no choice but to issue the reconveyance upon Crowder’s recordation of a declaration and corporate surety bond, and appellant is immune from liability. This argument is unpersuasive. Appellant’s argument ignores appellant’s responsibility under the statute to assure that the bond is acceptable. Appellant could properly be found liable for accepting an inadequate bond.
 

 The statute contemplates that a corporate security bond will substitute to some extent for the lender’s security in the property, which is lost by reconveyance of the trust deed. The statute places upon the trustee the responsibility to determine if the bond is acceptable. Subdivision (a) of the statute describes the requirements of the bond. It begins by stating,
 
 “The bond shall be acceptable to the trustee
 
 and [shall meet certain requirements].” (Italics added.) The bond must be issued by a corporation lawfully authorized to issue surety bonds; the bond must be in a sum equal to twice the amount of the original obligation secured by the deed of trust.
 

 The bond “shall be conditioned for payment of any sum which the . . . beneficiary may recover in an action on the obligation secured by the . . . deed of trust, with costs of suit and reasonable attorneys’ fees. The obligees under the bond shall be . . . the trustee who executes a reconveyance under this section
 
 and the beneficiary or beneficiary’s successor in interest.”
 
 (Civ. Code, § 2941.7, subd. (a), italics added.)
 

 The statute requires the bond in order to protect not merely the trustee but also the beneficiary, who loses the right to foreclose on the property and is relegated to an action against the trustor, the affiant
 
 or the bond.
 
 (Civ. Code, § 2941.7, subd. (c).)
 

 The statute does not specify a particular duration for the bond, but we are satisfied that a bond which expires 60 days after the reconveyance is not adequate to protect the beneficiary’s recovery in an action on the obligation secured by the deed of trust.
 
 [4]
 
 This is not a reasonable length of time for the beneficiary to learn of the reconveyance and pursue remedies against the bond. A 60-day bond may be sufficient to protect the trustee’s interest, but the statute requires the bond to protect the beneficiary’s interest as well.
 
 [5]
 

 
 *1017
 
 By reconveying the trust deed despite the inadequacy of the surety bond, appellant did not satisfy the requirements of the statute and therefore is not entitled to the immunity provided by the statute.
 

 The judgment is affirmed.
 

 Turner, P. J., and Boren, J., concurred.
 

 Appendix
 

 Civil Code § 2941.7 [Discharge when mortgagee or beneficiary cannot be located or refuses to execute].
 
 Whenever the obligation secured by a mortgage or deed of trust has been fully satisfied and the present mortgagee or beneficiary of record cannot be located after diligent search,
 
 or refuses to execute and deliver a proper certificate of discharge or request for reconveyance, or whenever a specified balance, including principal and interest, remains due and the mortgagor or trustor or the mortgagor’s or trustor’s successor in interest cannot, after diligent search, locate the then mortgagee or beneficiary of record,
 
 the lien of any mortgage or deed of trust shall be released when the mortgagor or trustor or the mortgagor’s or trustor’s successor in interest records
 
 or causes to be recorded, in the office of the county recorder of the county in which the encumbered property is located,
 
 a corporate bond accompanied by a declaration,
 
 as specified in subdivision (b), and with respect to a deed of trust, a reconveyance as hereinafter provided.
 

 (a)
 
 The bond shall be acceptable to the trustee
 
 and shall be issued by a corporation lawfully authorized to issue surety bonds in the State of California in a sum equal to the greater of either (1) two times the amount of the original obligation secured by the mortgage or deed of trust and any additional principal amounts, including advances, shown in any recorded amendment thereto, or (2) one-half of the total amount computed pursuant to (1) and any accrued interest on such amount,
 
 and shall be conditioned for payment of any sum which the mortgagee or beneficiary may recover in an action on the obligation secured by the mortgage or deed of trust, with costs of suit and reasonable attorneys’ fees. The obligees under the bond shall be the mortgagee or mortgagee’s successor in interest or the trustee who executes a reconveyance under this section and the beneficiary or beneficiary’s successor in interest.
 

 The bond recorded by the mortgagor or trustor or mortgagor’s or trustor’s successor in interest shall contain the following information describing the mortgage or deed of trust:
 

 
 *1018
 
 (1) Recording date and instrument number or book and page number of the recorded instrument. (2) Names of original mortgagor and mortgagee or trustor and beneficiary. (3) Amount shown as original principal sum secured thereby. (4) The recording information and new principal amount shown in any recorded amendment thereto.
 

 (b) The declaration accompanying the corporate bond recorded by the mortgagor or trustor or the mortgagor’s or trustor’s successor in interest shall state:
 

 (1) That it is recorded pursuant to Section 2941.7. (2) The name of the original mortgagor or trustor and mortgagee or beneficiary. (3) The name and address of the person making the declaration. (4) That either the obligation secured by the mortgage or deed of trust has been fully satisfied and the present mortgagee or beneficiary of record cannot be located after diligent search, or refuses to execute and deliver a proper certificate of discharge or request for reconveyance as required under Section 2941; or that a specified balance, including principal and interest, remains due and the mortgagor or trustor or mortgagor’s or trustor’s successor in interest cannot, after diligent search, locate the then mortgagee or beneficiary. (5) That the declarant has mailed by certified mail, return receipt requested, to the last address of the person to whom payments under the mortgage or deed of trust were made and to the last mortgagee or beneficiary of record at the address for such mortgagee or beneficiary shown on the instrument creating, assigning, or conveying the interest, a notice of recording a declaration and bond under this section and informing the recipient of the name and address of the mortgagor or trustee, if any, and of the right to record a written objection with respect to the release of the lien of the mortgage or, with respect to a deed of trust, notify the trustee in writing of any objection to the reconveyance of the deed of trust. The declaration shall state the date any notices were mailed pursuant to this section and the names and addresses of all persons to whom mailed.
 

 The declaration provided for in this section shall be signed by the mortgagor or trustor under penalty of perjury.
 

 (c)
 
 With respect to a deed of trust, after the expiration of 30 days following the recording of the corporate bond and accompanying declaration provided in subdivisions (a) and (b),
 
 and delivery to the trustee of the usual reconveyance fees plus costs and a demand for reconveyance under this section,
 
 the trustee shall execute and record,
 
 or otherwise deliver as provided in Section 2941,
 
 a reconveyance
 
 in the same form as if the beneficiary had delivered to the trustee a proper request for reconveyance,
 
 provided that the trustee has not received a written objection to the reconveyance from the beneficiary of record. No trustee shall have any liability to any person by reason of its execution of a reconveyance in reliance upon a trustor’s or trustor’s successor’s in interest substantial compliance with this section. The sole remedy of any person damaged by reason of the reconveyance shall be against the trustor, the affiant, or the bond.
 
 With respect to a mortgage, a mortgage shall be satisfied of record when 30 days have expired following recordation of the corporate bond and accompanying declaration, provided no objection to satisfaction has been recorded by the mortgagee within that period. A bona fide purchaser or encumbrancer for value shall take the interest conveyed free of such mortgage, provided there has been compliance with subdivisions (a) and (b) and the deed to the purchaser recites that no objections by the mortgagee have been recorded.
 

 Upon recording of a reconveyance under this section, or, in the case of a mortgage the expiration of 30 days following recordation of the corporate bond and accompanying declaration without objection thereto having been recorded, interest shall no longer accrue as to any balance remaining due to the extent the balance due has been alleged in the declaration recorded under subdivision (b).
 

 The sum of any specified balance, including principal and interest, which remains due and which is remitted to any issuer of a corporate bond in conjunction with the issuance of a bond pursuant to this section shall, if unclaimed, escheat to the state after seven years pursuant to the Unclaimed Property Law. From the date of escheat the issuer of the bond shall be relieved
 
 *1019
 
 of any liability to pay to the beneficiary or his heirs or other successors in interest the escheated funds and the sole remedy shall be a claim for property paid or delivered to the Controller pursuant to the Unclaimed Property Law.
 

 (d) The term “diligent search,” as used in this section, shall mean all of the following:
 

 (1) The mailing of notices as provided in paragraph (5) of subdivision (b), and to any other address that the declarant has used to correspond with or contact the mortgagee or beneficiary. (2) A check of the telephone directory in the city where the mortgagee or beneficiary maintained the mortgagee’s or beneficiary’s last known address or place of business. (3) In the event the mortgagee or beneficiary or the mortgagee’s or beneficiary’s successor in interest is a corporation, a check of the records of the California Secretary of State and the secretary of state in the state of incorporation, if known. (4) In the event the mortgagee or beneficiary is a state or national bank or a state or federal savings and loan association, an inquiry of the regulatory authority of such bank or savings and loan association.
 

 (e) This section shall not be deemed to create an exclusive procedure for the issuance of reconveyances and the issuance of bonds and declarations to release the lien of a mortgage and shall not affect any other procedures, whether or not such procedures are set forth in statute, for the issuance of reconveyances and the issuance of bonds and declarations to release the lien of a mortgage. (Italics added.)
 

 [1]
 

 Civil Code section 2941.7, a lengthy statute, is quoted in full in an appendix to this opinion, with portions emphasized.
 

 [2]
 

 Golphenee assigned his interest to W. T. O’Brien who assigned his interest to respondent Carter.
 

 [3]
 

 In the present action respondent Carter also obtained a default judgment against Crowder on the promissory note and for fraud, including an award of punitive damages. Apparently Crowder is bankrupt.
 

 [4]
 

 We invite the Legislature’s attention to this problem.
 

 [5]
 

 Appellant’s witness testified at trial that a 60-day bond was acceptable to appellant
 
 if
 
 that term “comports with the requirements of the statute.”
 

 The bond in this case, although mentioning the beneficiary O’Brien as an obligee, appears worded primarily to indemnify the trustee rather than to pay the sum the beneficiary may
 

 
 *1017
 
 recover in an action on the obligation secured by the deed of trust. It states: “Now, Therefore, the Conditions of This Obligation Are, that if the principals, their heirs, legal representatives, successors or assigns or any of them, shall at all times defend, indemnify and save harmless California Land Title Company, Inc., the obligee, and other obligees herein mentioned, from and against any and all claims, actions and suits, whether groundless or otherwise, and from and against any and all liabilities, losses, damages, costs, charges, counsel fees and other expenses of every nature and character by reason of the issuance by Obligee of a full reconveyance without receipt of a request for reconveyance known to be valid, whether or not caused by, based upon or arising out of inadvertence, accident, oversight or neglect on the part of Obligee, or its officers, agents or employees and/or omission or failure to inquire into, contest or litigate, the right of any applicant to receive any payment, credit, transfer, registration, exchange or delivery in respect of said original trust deed note and said Deed of Trust and/or caused by, based upon or arising out of any other matter or thing whatsoever, then this obligation shall be void; otherwise it shall remain in full force and effect. [¶] This indemnity shall expire on the 60th day following reconveyance.”